U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY BOPEE McCARTY<br>LA. DOC #105523 | CIVIL ACTION NO. 08-0240 |
| VS. | SECTION P<br>JUDGE DRELL |
| WINN CORRECTIONS CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Anthony McCarty, Louisiana Prisoner #105523, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights complaint on February 19, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) who is incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana. He complains that he has been denied due process and equal protection by the defendants who have denied him the opportunity to participate in Louisiana's work-release program. He names as defendants WCC Warden Tim Wilkinson, WCC Classification Officer Mary Harris, the Secretary of the LDOC, and Linda Ramsey, a "trouble-shooter" for the LDOC. He prays for "no further retaliation," his immediate transfer to another facility, an unspecified amount of compensatory damages for pain and suffering, and "correction" of this matter. This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be

**DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff was convicted of distribution of cocaine in the First Judicial District Court, Caddo, Parish and on July 11, 2000 he was sentenced to serve 10 years in the custody of the LDOC. [rec. doc. 13, p. 10] Plaintiff opted to receive diminution of sentence or "good time" at a rate of 30 days for every 30 days served in accordance with the provisions of La. R.S.15:571.3. [rec. doc. 13, p. 9] At some point in time plaintiff was deemed eligible to serve his sentence in the Louisiana work-release program. [rec. doc. 1, p. 4] In February 2005, while enrolled at the OAN-Ouachita Work Releae program, he earned sufficient good time credits and was released as on parole in accordance with the statute. [rec. doc. 13, p. 11] On November 6, 2006 his parole was revoked and he was returned to prison to serve the remainder of his sentence. [rec. doc. 13, pp. 2-5; p. 8]

On July 3, 2007 plaintiff was evaluated by prison staff to determine whether he was eligible to participate in the work-release program. The evaluation revealed that plaintiff had an "extensive criminal background history" including two arrests for attempted murder, an arrest for aggravated assault and aggravated battery, two arrests for armed robbery, and possession of contraband in a penal institution and as a result it was determined that plaintiff was not suitable for work release as

2

per LDOC Regulation No. B-02-001E(3) which provides, "Inmates with arrests or institutional records which reveal habitual or compulsive use of violence against persons should be considered as not suitable."

On August 26, 2007 plaintiff submitted an Administrative Remedies Procedure Grievance (ARP) complaining of the denial of work-release eligibility. On September 27, 2007, the ARP was rejected based on plaintiff's record of arrests and the Department Regulation cited above. [rec. doc. 13, p. 6] Plaintiff appealed the denial of his ARP to the LDOC and on December 5, 2007 his request for relief was denied. [rec. doc. 13, p. 7]

Plaintiff signed his complaint on December 25, 2007 [rec. doc. 1, p. 6]; however he mailed it to the court on February 14, 2008 [rec. doc. 1, pp. 7-8]. It was received and filed on February 19, 2008. Plaintiff complained that the denial of work-release eligibility denied him due process and equal protection and was otherwise in violation of his civil and constitutional rights.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is

3

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with

4

specific facts demonstrating a constitutional deprivation and may
not simply rely on conclusory allegations. Schultea v. Wood, 47
F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is
bound by the allegations in a plaintiff's complaint and is "not
free to speculate that the plaintiff 'might' be able to state a
claim if given yet another opportunity to add more facts to the
complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at
97.

The law accords judges not only the authority to dismiss a
claim based on an indisputably meritless legal theory, but also
the unusual power to pierce the veil of the factual allegations
and dismiss those claims whose factual contentions are clearly
baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827,
104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an
arguable basis in fact (i.e. the facts are clearly baseless, a
category including allegations that are fanciful, fantastic, or
delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995);
Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v.
Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340
(1992). Plaintiff has set forth specific facts which he claims
entitles him to relief. He need not be afforded an opportunity to
amend his complaint.

## 2. Work Release – Due Process/Equal Protection

In order to hold any of the defendants liable under 42

5

U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See Hessbrook v. Lennon, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants deprived him of his right to participate in the LDOC work release program and thus violated his right to Due Process and Equal protection.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." Welch v. Thompson, 20 F.3d

6

636, 644 (5ᵗʰ Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact.  In Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it.  Rather, he must "have a legitimate claim of entitlement to it." Id. (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." Id. at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." Evans v. City of Dallas, 861 F.2d 846, 848 (5ᵗʰ Cir. 1988). In any event, the Fifth Circuit has also held that prisoners have no property interest their

7

work-release employment. Bulger v. U.S. Bureau of Prisons, 65
F.3d 48 (5th Cir.1995).Plaintiff is not entitled to participate
in the Louisiana work-release program and therefore to the extent
that he claims that he was denied either a liberty interest or a
property right in violation of the Due Process Clause, such
claims are subject to dismissal as frivolous.

Plaintiff's equal protection claim fares no better. In order
to state a claim of racial discrimination under the Equal
Protection clause, plaintiff must demonstrate that he was treated
differently than other similarly situated individuals and that
the unequal treatment stemmed from a discriminatory purpose.
Priester v. Lowndes County, 354 F.3d 414, 424 (5th Cir.2004). A
discriminatory purpose "implies that the decision maker singled
out a particular group for disparate treatment and selected his
course of action at least in part for the purpose of causing its
adverse effect on an identifiable group." Taylor v. Johnson, 257
F.3d 470, 473 (5th Cir.2001). Plaintiff's only proof of disparate
treatment is the statement of an unidentified classification
staff worker who allegedly told plaintiff that only white inmates
are allowed to participate in the work-release program. [rec.
doc. 1, p. 5] Of course, this allegation is negated by the very
facts of this case which demonstrate that plaintiff was allowed
to participate in the work-release program or half-way house
prior to the date he was originally released on good-time parole.

8

[rec. doc. 1, p. 4] Thus, plaintiff's equal protection claim is also subject to dismissal as frivolous.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1);

**IT IS FURTHER RECOMMENDED** that all pending motions, letters, or pleadings which could be construed as motions [rec. doc. 4; rec. doc. 5; rec. doc. 8; rec. doc. 12; and rec. doc. 16] be **DENIED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See,***

9

<u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415

(5th Cir.  1996).

In Chambers, Alexandria, Louisiana _____,

2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

10